## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | * | **Case No. 2:23-bk-53043** |
| **WELCOME GROUP 2, LLC,** *et al.,*[1] | * | **Chapter 11** |
| | * | **Judge Mina Nami Khorrami** |
| **Debtors.** | * | |
| | * | **Jointly Administered** |

**OBJECTION OF DEBTOR HILLARD HOTELS, LLC TO RSS WFCM2019-C50 - OH WG2 LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR 1600 HAMPTON COURT, SIDNEY, OHIO 45365**

Comes now Debtor Hilliard Hotels, LLC ("Debtor Hilliard"), by and through its undersigned attorney counsel, and hereby objects to *RSS WFCM2019-C50 - OH WG2 LLC's Motion for Relief from the Automatic Stay for 1600 Hampton Court, Sidney, Ohio 45365* (Doc. 179) (the "Motion") and respectfully requests that the court overrule and deny same, upon those grounds and for those reasons as set forth in the Memorandum below.

Respectfully submitted,

/s/ Ira H. Thomsen
Ira H. Thomsen (0023965)
Darlene E. Fierle (0081217)
Denis E. Blasius (0082617)
140 North Main Street, Suite A
Springboro, Ohio 45066
937-748-5001
937-404-6630 (Fax)
ithomsen@ihtlaw.com
*Thomsen Law Group, LLC*
*Case Attorney and Counsel for*
*Debtors/Debtors-in-Possession*

---

[1] The Debtors and the last four digits of their federal tax identification numbers are as follows:  Welcome Group 2, LLC (6795), Hilliard Hotels, LLC (6063), and Dayton Hotels, LLC (1123).  The Debtors' headquarters are located at 5955 E. Dublin Granville Road, New Albany, Ohio 45305.

1

## MEMORANDUM

I.  **PRELIMINARY STATEMENT**:

1.      RSS WFCM2019-C50 - OH WG2 LLC ("RSS") commenced these relief from
stay proceedings on the premise that Debtor Hilliard lacks equity in the real property commonly
known as 1600 Hampton Court, Sidney, Ohio 45365 (the "Hampton Inn – Sidney"); that the
relief from stay motion filed by Hilton Franchise Holding, LLC ("Hilton"), despite it still
pending before the Court for determination, further deteriorates the value of the Hampton Inn –
Sidney; and, although these Chapter 11 proceedings have been pending for only seven (7)
months, while for part of this time engaging in contested proceedings with RSS's requested
former State Court Receiver, the Debtor has no reasonable possibility of an effective
reorganization.

2.      In light of all the facts and circumstances in these proceedings, RSS's arguments
for relief from stay are meritless and the Motion should be denied. Further, it appears to be
counterintuitive for RSS to presume Hilton will be successful in its relief from stay motion, as
that outcome may negatively impact the value of RSS's collateral.  It appears that it would be in
the best interest of both the Debtor and RSS to instead work together to preserve the value of
RSS's collateral by resisting Hilton's efforts to deflag the Hampton Inn – Sidney.

II.    **FACTS RELEVANT TO PROCEEDINGS HEREIN**:

3.     In its Motion, RSS ignores the important fact that the Loan (as defined in

Paragraph 3 of the Motion) is collateralized by an additional four (4) hotels besides the Hampton

Inn- Sidney and personal property therein.  Two of these hotels other than Debtor Hilliard are

Debtors in the within proceedings.  RSS has failed to establish that cumulatively it lacks

adequate protection on the entire five (5) hotel properties that secure the Loan, nor has it met its

burden to show that it lacks adequate protection as to the Hampton Inn- Sidney individually.


4.     RSS filed a Proof of Claim in each of the three (3) Debtor cases being jointly

administered herein.  Each Proof of Claim has the exact same accounting/calculations of the

alleged balance due, as an attachment to the Proof of Claim, [2]


5.     In each accounting provided in the Proof of Claims, the following amounts are

disputed by the Debtor (without prejudice to dispute any number set forth on the attachment):

      (a)     Default Interest
      (b)     Late Fees
      (c)     Special Servicing Fee
      (d)     Est. Interest on Advances
      (e)     Liquidation Fee
      (f)     PPP Tax Midland
      (g)     PPP Midland
      (h)     Yield Maintenane/Prepay
      (i)     PPA WF
      (j)     Payoff Processing Fee
      (k)     Payoff Quotes/Verification fee

The total of these preliminarily disputed amounts is in excess of $8,899,287.30.

---

[2] Attached hereto as Exhibits A 1-3

6.      Further, and just as importantly, the Debtor has never received an accounting for the $1,875,139.12 that RSS "set off and applied … from the Reserves account to the Debt". (*Doc.* 39, Page 3 of 38).

7.      As the amount of claim of RSS is in dispute, the determination regarding the issue of equity cannot be finally determined at this time. Further, the value of RSS's collateral for the Loan, whether individually or as a whole, has not been established.

III.    **LAW AND ARGUMENT**:

8.      In the Motion, RSS requests relief from stay under 11 U.S.C. 362(d)(2), which requires that the Movant prove both that (1) the debtor does not have an equity in the Hampton Inn – Sidney, and (2) the Hampton Inn – Sidney is not necessary to an effective reorganization. Movant has established neither element required for the relief requested.[3]

   **A. RSS has not met its burden in establishing Debtor has no equity in the Hampton Inn – Sidney**

9.      Pursuant to 11 U.S.C. 362(g)(1), the party requesting relief under 11 U.S.C. 362(d) has the burden of proof on the issue of the debtor's equity in property.

---

[3] Based upon footnote 2 of the Motion (Page 8), it appears RSS is seeking relief only under 11 U.S.C. 362(d)(2). Accordingly, only this code section is addressed in this Objection. Notwithstanding, Debtor reserves the right to make additional arguments in the event RSS seeks relief on any other grounds.

4

10.     RSS has failed to provide any evidence on the issue of equity in the Hampton Inn – Sidney, or any other collateral for the Loan.

11.     Regardless of any estimated value of assets set forth in Debtor's Bankruptcy Schedules, recent appraisals of all collateral for the Loan must be produced by RSS to support its argument on the issue of equity. Further, in the event the burden then shifts to Debtor, Debtor should be permitted time to have its own independent expert review the appraisals, and if necessary, to perform its own independent appraisals as well.

12.     Further, it is not clear whether an accurate equity determination can be made until the pending relief from stay motion filed by Hilton is resolved.

13.     Without a clear determination as to the issue of equity, as it relates both to the value of the collateral and the true amount of the RSS claim, RSS cannot meet its burden and the Motion should be denied.

   **B. The Hampton Inn – Sidney is necessary for an effective reorganization and the Debtor has established it has a reasonable possibility of an effective reorganization**

14.     The Hampton Inn – Sidney is the primary asset and source of revenue for the Hilton Debtor. Clearly this property is necessary for its effective reorganization.

15.     Notwithstanding, RSS asserts that the Debtor must prove not only that this

property is necessary for the reorganization, but also that the Debtor has a reasonable possibility

of completing a successful reorganization.

     16.     RSS alleges, in essence, that Debtor Hilliard, not Welcome Group 2, LLC or

Dayton Hotels, LLC, "cannot propose a plan that as a reasonable likelihood of confirmation

since Debtor cannot satisfy the fair and equitable requirements of Section 1129(b) because

Debtor does not have the ability to pay Lender's claim …" (Motion, Paragraph 33).

     17.     The analysis in the Motion fails to take into account several important facts,

including but not limited to the joint nature of the filing herein and that there are two (2)

additional non-debtor hotels that secure the Loan.  In order to properly determine the reasonable

possibility of an effective reorganization, the Court must take into consideration the totality of

the circumstances of the RSS's position and the unique facts of the case before the Court.

     18.     *In re Northgate Terrance Apartments, Ltd.*, 126 B.R. 520, 523-524 (Bankr. SD

OH ED (1991)) sets forth the criteria this Court should use in determining the reasonable

likelihood of a successful reorganization.

     19.     *Northgate* clearly and succinctly set forth the analysis in regard to the "reasonably

likelihood" standard:

> "Determination whether an effective reorganization is possible,
> however, generally involves the following two-part test:
>
> 1. Has there been a showing that there is a reasonable possibility of
> a successful reorganization;

2. Has that showing come within a reasonable time?

*United Savings Assoc. of Texas v. Timbers of Inwood Forest
Associates, Ltd.* (*In re Timbers of Inwood Forest Associates, Ltd.*),
484 U.S. 365, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988).

To show a reasonable possibility of a successful reorganization,
Northgate must establish that it is "moving meaningfully" toward a
reorganization which is in prospect. *Timbers*, 108 S.Ct. at 632.
That showing necessarily must be stronger as the case ages or if
the financial information shows a marginal operation. Although
any proposed plan must have a realistic chance of being confirmed,
legal questions of first impression relating to confirmation issues
will not be decided in the context of a relief from stay proceeding.

Once the showing of a reasonable possibility of a successful
reorganization has been made, whether that showing has come
within a "reasonable time" requires the Court to examine:

1. the length of time the case has been pending;
2. the presence or absence of pre-petition or post-petition
negotiations among the parties;
3. the length of time the debtor has been in possession and
operating its business;
4. the presence or absence of good faith efforts by the parties to
negotiate a consensual solution to the case;
5. the level of cooperation from any recent state court appointed
receiver in making available to the debtor records of the receiver's
operations;
6. the length of time since the expiration of the exclusivity period;
and
7. any other relevant legal factors.

This list is not exclusive. The listed factors only are guides for
determining whether the showing of a reasonable possibility of a
successful reorganization has been made within a reasonable
time."

20.    Debtor Hilliard and the Debtors have shown operationally that they continue to

outperform their projections and are putting the Hampton Inn – Sidney, The Hotel at Dayton

South, and Super 8 Zanesville in the best possible position for an effective reorganization.  The

7

Debtors have shown that there is a reasonable possibility of a successful reorganization.

21.     Further, as this Court is well aware, RSS's requested State Court Appointed Receiver of the Hampton Inn – Sidney and the two other debtor hotels resisted turnover of the books and records and management of all three debtor hotels and engaged in questionable post-petition conduct, including, but not limited to violations of the automatic stay.  It has taken the Debtors several months to align their books and records with the proper management and operation of these hotels, not to mention continued work towards recovery of its reputation due to poor management by the Receiver.[4]

22.     The "reasonable time" criteria is met as these cases have been pending for only seven (7) months, in which Debtor is still recovering from the actions of the Receivership pre and post petition. Additionally, Debtor's exclusivity period has not expired.

22.     The equities clearly weigh in the favor of the Debtor. The Hampton Inn – Sidney is necessary for an effective reorganization, and there is a reasonable possibility of an effective reorganization. The Debtor can and should be permitted to move meaningfully towards a plan of reorganization.

---

[4] This is evidenced by not only the receiver's prior management of the Debtors, but of the non-debtor hotels which remain in receivership as well. Debtors herein have continued to make adequate protection payments and outperform projections. On the other hand, upon information and belief, the non-debtor hotels have made no payments to RSS and have required cash infusions by RSS.

IV.  **CONCLUSION**:

23.    To grant RSS relief from stay at this point would seriously and substantially undermine the possibility of reorganization and is counter to the goal of these proceedings and Chapter 11 in general. RSS has not met its burden on the issue of equity in the collateral, the collateral is necessary for an effective reorganization, and Debtor has shown a reasonable possibility of an effective reorganization. Accordingly, Debtor Hilliard Hotels, LLC respectfully requests that the Court overrule and deny the Motion, and for all other just and proper relief.

Respectfully submitted,

/s/ Ira H. Thomsen
Ira H. Thomsen (0023965)
Darlene E. Fierle (0081217)
Denis E. Blasius (0082617)
140 North Main Street, Suite A
Springboro, Ohio 45066
937-748-5001
937-404-6630 (Fax)
ithomsen@ihtlaw.com

*Thomsen Law Group, LLC*
*Case Attorney and Counsel for*
*Debtors/Debtors-in-Possession*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2024, a copy of the foregoing was served on all registered ECF participants, electronically through the court's ECF System at the e-mail address registered with the court.

/s/ Ira H. Thomsen
Ira H. Thomsen (0023965)

# EXHIBIT A

| | |
|---|---|
| Loan Number | 321770017 |
| Borrower Name | **WELCOME GROUP 2 LLC** |
| Request Date | 10/16/2023 |
| Note Rate | 5.5700% |

| | Rialto |
|---|---|
| **Principal Balance** | $ 20,332,778.23 |
| **Interest** | $ 2,777,858.51 |
| **Default Interest** | $ 5,299,074.14 |
| **LATE FEES** | $ 452,432.24 |
| **Special Servicing Fee** | $ 128,203.72 |
| **Est. Interest on Advances** | $ 453,156.85 |
| **Liquidation Fee** | $ 316,926.97 |
| **PPA Tax Midland** | $ 134,115.05 |
| **PPA Midland** | $ 8,806.64 |
| **Yield Maint. / Prepay** | $ 1,016,638.91 |
| | |
| **PPA WF** | $ 1,084,232.83 |
| **Payoff Processing Fee** | $ 1,900.00 |
| **Payoff Quote/Verification Fee** | $ 3,500.00 |
| **Sub-Total** | **$ 32,009,624.10** |
| **Suspense Wells Fargo** | $ 627.89 |
| **Insurance Escrow Balance** | $ 13,429.38 |
| **Unapplied Escrow** | $ 35,550.00 |
| **Unapplied Balance** | $ - |
| **Total** | **$ 31,960,016.83** |

| Loan Number | 321770017 |
| Borrower Name | **WELCOME GROUP 2 LLC** |
| Request Date | 10/16/2023 |
| Note Rate | 5.5700% |

| | Rialto | |
|---|---|---|
| Principal Balance | $ | 20,332,778.23 |
| Interest | $ | 2,777,858.51 |
| Default Interest | $ | 5,299,074.14 |
| LATE FEES | $ | 452,432.24 |
| Special Servicing Fee | $ | 128,203.72 |
| Est. Interest on Advances | $ | 453,156.85 |
| Liquidation Fee | $ | 316,926.97 |
| PPA Tax Midland | $ | 134,115.05 |
| PPA Midland | $ | 8,806.64 |
| Yield Maint. / Prepay | $ | 1,016,638.91 |
| | | |
| PPA WF | $ | 1,084,232.83 |
| Payoff Processing Fee | $ | 1,900.00 |
| Payoff Quote/Verification Fee | $ | 3,500.00 |
| Sub-Total | **$** | **32,009,624.10** |
| Suspense Wells Fargo | $ | 627.89 |
| Insurance Escrow Balance | $ | 13,429.38 |
| Unapplied Escrow | $ | 35,550.00 |
| Unapplied Balance | $ | - |
| Total | **$** | **31,960,016.83** |

| | |
|---|---|
| Loan Number | 321770017 |
| Borrower Name | **WELCOME GROUP 2 LLC** |
| Request Date | 10/16/2023 |
| Note Rate | 5.5700% |

| | Rialto | |
|---|---|---|
| Principal Balance | $ | 20,332,778.23 |
| Interest | $ | 2,777,858.51 |
| Default Interest | $ | 5,299,074.14 |
| LATE FEES | $ | 452,432.24 |
| Special Servicing Fee | $ | 128,203.72 |
| Est. Interest on Advances | $ | 453,156.85 |
| Liquidation Fee | $ | 316,926.97 |
| PPA Tax Midland | $ | 134,115.05 |
| PPA Midland | $ | 8,806.64 |
| Yield Maint. / Prepay | $ | 1,016,638.91 |
| PPA WF | $ | 1,084,232.83 |
| Payoff Processing Fee | $ | 1,900.00 |
| Payoff Quote/Verification Fee | $ | 3,500.00 |
| Sub-Total | **$** | **32,009,624.10** |
| Suspense Wells Fargo | $ | 627.89 |
| Insurance Escrow Balance | $ | 13,429.38 |
| Unapplied Escrow | $ | 35,550.00 |
| Unapplied Balance | $ | - |
| Total | **$** | **31,960,016.83** |

8849282