## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| IN RE: | * | CASE NO:  23-53043 |
| | * | (Chapter 11) |
| Welcome Group 2, LLC[1] | * | |
| | * | (Judge Mina Nami Khorrami) |
| | * | |
| Debtor/Debtor-in-Possession. | * | (Jointly Administered) |

### NOTICE OF MOTION BY THE DEBTORS/DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

Welcome Group 2, LLC[1], Debtor and Debtor in Possession ("Debtor"), has filed a Motion for the entry of an order for an Order Authorizing Continued Use of Cash Collateral and Providing Adequate Protection, a copy of which is attached hereto.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the Motion, then on or before **twenty-one (21) days from the date set forth in the Certificate of Service for the Motion**, you must file with the Court a response explaining your position by mailing your response by regular U.S. Mail to:

**U.S. Bankruptcy Court, 120 West Third Street, Dayton, OH 45402**

OR your attorney must file a response using the Court's ECF system.

If you mail your request and response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also send a copy of your response either by 1) the Court's ECF system or 2) regular U.S. Mail to:

**Thomsen Law Group, LLC, Counsel for Debtor, 140 North Main Street, Suite A, Springboro, OH 45066**

**Office of the U.S. Trustee, 170 North High Street, Suite 200, Columbus, OH, 43215**

---

[1] Debtors include Welcome Group, LLC, Dayton Hotels, LLC (Case No. 23-53044) and Hilliard Hotels, LLC (Case No. 23-53045)

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further hearing or notice.

Date of Service:  May 10, 2024        /s/ Ira H. Thomsen
                                      Ira H. Thomsen (0023965)
                                      Darlene E. Fierle (0081217)
Denis E. Blasius (0082617)
140 North Main Street, Suite A
Springboro, Ohio 45066
937-748-5001
937-404-6630 (Fax)
dblasius@ihtlaw.com
ithomsen@ihtlaw.com
dfierle@ihtlaw.com

*Thomsen Law Group, LLC*
*Counsel for Debtors/Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| IN RE: | * | CASE NO:  23-53043 |
| | * | (Chapter 11) |
| Welcome Group 2, LLC, et., al.[2] | * | |
| | * | |
| | * | (Judge Mina Nami Khorrami) |
| | * | |
| Debtor/Debtor-in-Possession. | * | (Jointly Administered) |

**MOTION BY THE DEBTORS/DEBTORS-IN-POSSESSION FOR ORDERS UNDER 11
U.S.C. §§ 105(a), 361, 362 AND 363, FEDERAL BANKRUPTCY RULES 2002, 4001 AND
9014, AND LOCAL RULE 4001-2: (I) AUTHORIZING DEBTOR TO CONTINUE TO
USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III)
SCHEDULING AND APPROVING THE FORM AND METHOD OF NOTICE OF
HEARING; AND (IV) GRANTING RELATED RELIEF**

The above captioned debtors and debtors-in-possession herein (collectively, the

"**Debtors**"), by and through counsel, and hereby respectfully move this Court for the entry of an

Order Authorizing the Debtors to continue to use cash collateral of, and to provide adequate

protection to, RSS WFCM2019-C50 – OH WG2, LLC c/o Rialto Capital Advisors, LLC[3] **(the**

**"Secured Lender")**, along with other requested relief (the "**Motion**"), pursuant to the provisions

of 11 *U.S.C*. §§ 105, 361, and 363 *Federal Rules of Bankruptcy Procedure*, *Rules* 2002, 4001,

6004 and 9014 and *Local Bankruptcy Rules* 4001-1, 4001-2 and 6004-1, in substantially the form

attached hereto as Exhibit "A" and a revised cash collateral budget (the "Revised Budget," a

copy of which is attached as Schedule 1 to Exhibit "A" hereto).

---

[2] The Debtors are Welcome Group 2, LLC (Case No. 23-53043), Dayton Hotels, LLC (Case No. 23-53044), and Hilliard Hotels, LLC (Case No. 23-53045).
[3] RSS WFCM2019-C50 – OH WG2, LLC is the successor in interest to UBS AG. RSS WFCM2019-C50 – OH WG2, LLC and UBS AG are referred to collectively herein as "Secured Lender".

The disclosure of information required pursuant to Bankruptcy Rule 4001(B) and Local

Bankruptcy Rule 4001-2 is contained in the *Motion for Interim Order (I) Authorizing Debtor to*

*use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV)*

*Scheduling and Approving the Form and Method of Notice of Final Hearing; and (V) Granting*

*Related Relief* (the "Cash Collateral Motion") (*Doc*. 15). A Memorandum in support of the

Motion is attached.

<div style="margin-left:40%">

Respectfully Submitted

/s/ Ira H. Thomsen
Ira H. Thomsen (0023965)
Darlene E. Fierle (0081217)
Denis E. Blasius (0082617)
140 North Main Street, Suite A
Springboro, Ohio 45066
937-748-5001
937-404-6630 (Fax)
ithomsen@ihtlaw.com
dfierle@ihtlaw.com
dblasius@ihtlaw.com

*Thomsen Law Group, LLC*
*Counsel for Debtors/Debtors-in-Possession*

</div>

## **MEMORANDUM**

1.      On September 1, 2023, ("the Petition Date"), the Debtors filed voluntary petitions

in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code

("the Bankruptcy Code"). The Debtors intend to operate their businesses as a Debtor-in-

Possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No creditors' committee has yet been appointed in this case by the United States

Trustee. No trustee or examiner has been appointed in the Debtor's Chapter 11 case.

3.      The Debtors filed these Chapter 11 proceedings in order to reorganize their debts and maintain their operations and employees.

4.      This Court has jurisdiction over this Motion pursuant to 28 *U.S.C.* §§157 and 1334. Venue is proper pursuant to 28 *U.S.C.* §§1408 and 1409. The subject matter of this Motion is a core proceeding pursuant to 27 U.S.C. § 157(b).

5.      The statutory predicates for the relief requested herein are Sections 105(a), 361, 363, and 364 of the Bankruptcy Code, Federal Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Bankruptcy Rules 4001-2 and 6004-1.

6.      InnVite Opco, Inc., owned solely by Abhijit (Andy) Vasani is the sole member and the manager of each of the Debtors. Each of the Debtors own a hotel located in Southwest Ohio. Debtor Welcome Group 2, LLC owns and operates the Super 8 located at 2440 National Road, Zanesville, Ohio 43701. Debtor Hillard Hotels, LLC owns and operates the Hampton Inn located at 1600 Hampton Court, Sidney, OH 45365. Debtor Dayton Hotels, LLC owns and operates the Hotel at Dayton South located at 8099 Old Yankee Road, Dayton, Ohio 45458.

7.      The factual background regarding the Debtors, including its business operations and the events leading to this Chapter 11 Case, are set forth in the *Declaration of Andy Vasani in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration")[4], which is incorporated herein by reference.

8.      On September 6, 2023, the Debtors filed their *Motion for Interim Order (I) Authorizing Debtor to use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying*

---

[4] Case No. 23-53043 Welcome Group 2, LLC (*Doc*. 13), Case No. 23-53044 Dayton Hotels, LLC (*Doc*. 11), Case No. 23-53045 Hilliard Hotels, LLC (*Doc*. 11).

*the Automatic Stay; (IV) Scheduling and Approving the Form and Method of Notice of Final*

*Hearing; and (V) Granting Related Relief* (the "Cash Collateral Motion") (*Doc*. 15).[5]

9.      On September 14, 2023, the Court entered the *INTERIM ORDER PERMTTING*

*USAGE OF CASH COLLATERAL AND PROVDING ADEQUATE PROTECTION TO*

*PURPORTED SECURED CREDITORS FOR THIS USAGE AND SCHEDULING A FINAL*

*HEARING ON USAGE OF CASH COLLATERAL* (*Doc*. 58).

10.      On October 31, 2023, the Court entered the *FINAL ORDER PERMTTING*

*USAGE OF CASH COLLATERAL AND PROVDING ADEQUATE PROTECTION TO*

*PURPORTED SECURED CREDITORS FOR THIS USAGE* (the "Order") (*Doc*. 118).

11.      On December 5, 2023 the Court entered the *ORDER EXTENDING FINAL*

*ORDER PERMITTING USAGE OF CASH COLLATERAL AND PROVIDING ADEQUATE*

*PROTECTION TO PURPORTED SECURED CREDITORS FOR THIS USAGE* (the "First

Extension Order") (*Doc*. 139)

12.      On March 7, 2024, the Court entered the *AGREED ORDER EXTENDING FINAL*

*ORDER PERMITTING USAGE OF CASH COLLATERAL AND PROVIDING ADEQUATE*

*PROTECTION TO PURPORTED SECURED CREDITORS FOR THIS USAGE* (the "Second

Extended Order") (*Doc*. 175).

13.      The Order authorized use of cash collateral to pay expenses as set forth in the

budget attached thereto as Schedule 1 (the "Budget"), among other conditions. The Budget

period commenced on the petition date and continued until December 3, 2023.

---

[5] Corresponding Motions were filed by Dayton Hotels, LLC (Case No. 23-53044), and Hilliard Hotels, LLC (Case No. 23-53045). Joint Administration of these three cases was ordered on September 16, 2023 (*Doc*. 68).

14. The First Extension Order authorized the use of cash collateral to pay expenses as set forth in the budget attached thereto as Schedule 1 (the "First Extension Budget"), among other conditions. The First Extension Budget period commenced on December 3, 2023 and continued until March 10, 2024.

15. The Second Extension Order authorized use of cash collateral to pay expenses as set forth in the budget attached thereto as Schedule 1 (the "Second Extension Budget"), among other conditions. The Second Extension Budget period commenced March 11, 2024 and continues until June 9, 2024.

16. As adequate protection for any diminution in the value of the Secured Lender's asserted interests in the Cash Collateral, the Order, the First Extension Order, and the Second Extension Order required the Debtor to make payments to the Secured Lender of $36,000.00 per month as set forth in the Budget. The Order, First Extension Order, and Second Extension Order also required Debtor to make scheduled payments of interest and principal to the Small Business Administration.

17. The Debtor has made all payments to the Secured Lender and the Small Business Administration as required by the Order, the First Extension Order, and Second Extension Order.

18. Counsel for the Debtors shall be in communication and work diligently with counsel for Secured Lender in an attempt to reach an agreement as to the continued use of Cash Collateral. This Motion has been filed in the interim to hopefully negate the need for an emergency hearing on Cash Collateral.

19. Accordingly, the Debtor respectfully requests that this Court enter an order in substantially the form attached hereto as Exhibit "A" hereto, authorizing continued use of Cash Collateral through September 15, 2024, pursuant to the terms and conditions stated therein and in accordance with the budget attached thereto as Schedule "1" (the "Revised Budget").

Page **7** of **14**

**RELIEF REQUESTED**

20.     It is imperative that the Debtors obtain authority for continued use of cash collateral in order to continue funding necessary business expenses and to fund the costs associated with the administration of this case. The Debtors have set forth a proposed order (the "Proposed Order", a copy of which is attached hereto as the Exhibit "A") and a revised cash collateral budget (the "Revised Budget", a copy of which is attached as Schedule 1 to the Proposed Order) providing for the use of Cash Collateral and authorizing the terms and conditions of the Debtors' continued use of Cash Collateral.

21.     The Debtors commenced this case with the goal of restructuring its debts and obligations in such a manner that provides maximum return to the creditor constituents while maintaining operations. To accomplish this goal, however, the Debtors will require the continued use of cash collateral through plan confirmation. Without the use of this cash collateral, the Debtor would be required to terminate all business operations, which would, in turn, result in the loss of employees' jobs and a significant diminution in the value of the Debtors as a going concern.

**BASIS FOR RELIEF**

22.     Section 363(a) of the Bankruptcy Code provides that for purposes of that section:

> "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

23.     By this Motion, the Debtors request authority to continue to use cash collateral pursuant to the terms set forth in the Proposed Order. The Debtors have made all adequate protection payments pursuant to the Order, the First Extension Order, and Second Extension Order. The Cash Collateral Motion sets forth the rights asserted by Secured Lender. The terms of the Proposed Order are substantially similar to the current Order authorizing use of Cash Collateral (*Doc*. 175), however the Revised Budget permits use of Cash Collateral for an additional 13-week period.

24.     Under Section 363(c)(2) of the Bankruptcy Code, the Debtor may not use cash collateral without the consent of the secured creditor or authority granted by the Court. Debtors shall be in communication and work diligently with counsel for Secured Lender to reach an agreement as to the continued use of Cash Collateral in accordance with the Motion. This Motion has been filed in the interim to hopefully negate the need for an emergency hearing on Cash Collateral if an agreement cannot be reached. As such, at this time the Debtors are seeking authority from this Court.

25.     The Debtors' continued use of cash collateral, including the Debtor's agreement to provide replacement liens and other assurances as adequate protection in connection with such use, is authorized pursuant to section 363(c) of the Bankruptcy Code. Section 363(c)(1) of the Bankruptcy Code provides as follows: "If the business of the debtor is authorized to be operated under section 721, 1108, 1183, 1184, 1203, 1204 or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." However, section 363(c)(2) provides that the Debtor's use of cash collateral is prohibited unless "(A) each entity that has an

interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes

such use, sale, or lease in accordance with the provisions of this section."

## USE OF CASH COLLATERAL SHOULD BE APPROVED

26.     Debtors desire to continue to use cash collateral as defined in Section 363(a) of

the Bankruptcy Code (the "Cash Collateral") and provide adequate protection to the Secured

Lender.

27.     The determination of adequate protection is a fact-specific inquiry to be decided

on a case-by-case basis.  *See In re Mosello*, 195 B.R. 277, 288 (Bankr. S.D.N.Y. 1996); *In re*

*O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987). Adequate protection can be provided in a

number of ways (*see*, *e.g.*, 11 *U.S.C.* §361), with the focus being to protect a secured creditor

from diminution in the value of its interest in the collateral during the period of use.  *See In re*

*495 Cent. Park Ave. Corp*., 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992) (purpose of adequate

protection is "to safeguard the secured creditor from diminution in the value of its interest during

the Chapter 11 reorganization"); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y.

1986).

28.     Debtors and Secured Lender previously agreed to the use of Cash Collateral

pursuant to the current Second Extension Order. Debtors have complied with all terms of the

Second Extension Order. Though the Revised Budget will reflect a loss during this period, this is

in part due to added budgeted costs for legal fees in light of the current motions and related

briefing requests pending before the Court.  The Revised Budget estimated revenue is

conservative, and Debtors have adequate reserves on hand to meet all budget requirements and

continue to make adequate protection payments to Secured Lender. Debtors need authority to

continue to use the Cash Collateral to fund ongoing business operations. The Debtors intend to

continue to provide sufficient adequate protection to Secured Lenders in the same manner as required by the previous Orders, and as more fully set forth herein and in the Proposed Order.

29.     Adequate protection is provided to Secured Lender by the Debtors by using Cash Collateral only in accordance with the Revised Budget (except as otherwise authorized by this Court) and by making the payments to Secured Lender as stated therein. Adequate protection is also provided by the re-granting of the pre-petition security interests to Secured Lender (not to extend beyond the collateral that secured the Loan from Secured Lenders pre-petition).

30.     In the event the Debtors are not permitted to use Cash Collateral, they will be unable to pay their necessary obligations to conduct business operations, and its employees will be severely impacted. In short, the failure to utilize Cash Collateral will result in immediate and irreparable harm to the Debtors.

31.     The Revised Budget details the necessary expenditures for the continued operations and viability of the Debtors, including the proposed adequate protection payments.

32.     The Debtors prepared the Revised Budget using historical data and the current state of affairs. The Debtors assert that the Revised Budget is feasible, and the expenses stated therein are reasonable and necessary for the continued operation and viability of the Debtors. The Revised Budget is based upon the best information available to the Debtors and the Debtors' principal.

33.     Therefore, the Debtors request that the Court consider entry of the Proposed Order.

### COMPLIANCE WITH LOCAL RULE 4001-2(B)

34.     Pursuant to *Local Rule* 4001-2(b), Debtors state that none of the terms included in the Proposed Order contain any of the provisions set forth in *Local Rule* 4001-2(b)(2)(A) through (b)(2)(Q).

## NO PRIOR REQUEST

35.     No previous request for the relief sought herein has been made to this Court or any other court for the Revised Budget period.

## NOTICE

35.     Notice of this Motion will be provided to: (i) the Columbus office of the United States Trustee for Region 9: Southern District of Ohio; (ii) RSS WFCM2019-C50 – OH WG2, LLC, by and through counsel to its special service Rialto Capital, Advisors, LLC; (iii) the United States Small Business Administration; (iv) U.S. Attorney Columbus, (v) U.S. Attorney General, (vi) U.S. Foods, Inc. (vii) Itria Ventures, LLC, by and through its counsel, and (viii) each of the Debtors' largest 20 unsecured creditors. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

For the reasons set forth herein and in the Proposed Order attached hereto as Exhibit "A", Debtors respectfully request the authority of this Court to authorize it to continue to use cash collateral through September 15, 2024 and to enter into the Proposed Order attached hereto as Exhibit "A".

Respectfully Submitted:

/s/ Ira H. Thomsen
Ira H. Thomsen (0023965)
Darlene E. Fierle (0081217)
Denis E. Blasius (0082617)
140 North Main Street, Suite A
Springboro, Ohio 45066
937-748-5001
937-404-6630 (Fax)
ithomsen@ihtlaw.com
dfierle@ihtlaw.com
dblasius@ihtlaw.com

*Thomsen Law Group, LLC*
*Counsel for Debtors/Debtors-in-Possession*

**EXHIBIT "A"**
**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | * | Case No. 2:23-bk-53043 |
| WELCOME GROUP 2, LLC, *et al.*,[6] | * | Chapter 11 |
| | * | Judge Mina Nami Khorrami |
| Debtors. | * | |
| | * | Jointly Administered |

**ORDER EXTENDING FINAL ORDER PERMITTING USAGE OF CASH**
**COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO PURPORTED**
**SECURED CREDITORS FOR THIS USAGE (*Doc*. ___)**

This matter comes before the Court for the entry of an Order Authorizing Continued use

of Cash Collateral (the "Motion") (Doc. __). Having considered the Motion, and for good cause

shown and it appearing to the Court that it is in the best interests of all creditors herein to enter

---

[6] The Debtors and the last four digits of their federal tax identification numbers are as follows:  Welcome Group 2, LLC (6795), Hilliard Hotels, LLC (6063), and Dayton Hotels, LLC (1123).  The Debtors' headquarters are located at 5955 E. Dublin Granville Road, New Albany, Ohio 45305.

Page **13** of **14**

this order, it is hereby

ORDERED that the Final Order Permitting Usage of Cash Collateral and Providing

Adequate Protection to Purported Secured Creditors For This Usage (Re:  Docket No. 15) (*Doc.*

118) (the "Final Order") is hereby extended to September 15, 2024 in accordance with the terms

of the Revised Budget appended hereto as Schedule 1.


IT IS SO ORDERED.

Submitted By:

/s/ Ira H. Thomsen
Ira H. Thomsen (0023965)
Denis E. Blasius (0082617)
Darlene E. Fierle (0081217)
140 North Main Street, Suite A
Springboro, Ohio 45066
937-748-5001
937-404-6630 (Fax)
dblasius@ihtlaw.com
ithomsen@ihtlaw.com
dfierle@ihtlaw.com

*Thomsen Law Group, LLC*
*Counsel for Debtors/Debtors-in-Possession*


Copies to:  Default List Plus Top 20

SCHEDULE 1

**Welcome Group 2 LLC et. al.**
**Case Nos. 23-53043, 23-53044, 23-53045**
**Cash Collateral Usage Report**

| Summary | June 9th Week1 | June 23 Week2 | June 30 Week3 | July 7 Week4 | July 14 Week5 | July 21 Week6 | July 28 Week7 | Aug 4 Week8 | Aug 11 Week9 | Aug 18 Week10 | Aug 25 Week11 | Sep 1 Week12 | Sep 8 Week13 | Total 13 weeks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Operating Revenue** | | | | | | | | | | | | | | |
| Room Department | $86,000.00 | $86,000.00 | $86,000.00 | $86,000.00 | $87,000.00 | $88,000.00 | $88,000.00 | $88,000.00 | $88,000.00 | $88,000.00 | $85,000.00 | $85,000.00 | $85,000.00 | $1,126,000.00 |
| **Total Operating Revenue** | **$86,000.00** | **$86,000.00** | **$86,000.00** | **$86,000.00** | **$87,000.00** | **$88,000.00** | **$88,000.00** | **$88,000.00** | **$88,000.00** | **$88,000.00** | **$85,000.00** | **$85,000.00** | **$85,000.00** | **$1,126,000.00** |
| **Operational Expenses** | | | | | | | | | | | | | | |
| Room Department and Room Supplies | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $53,800.00 |
| Payroll/Contract Wages | $22,000.00 | $22,000.00 | $22,000.00 | $22,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $22,000.00 | $22,000.00 | $22,000.00 | $304,000.00 |
| **Total Departmental Expenses** | **$26,000.00** | **$26,000.00** | **$26,000.00** | **$26,000.00** | **$29,200.00** | **$29,200.00** | **$29,200.00** | **$29,200.00** | **$29,200.00** | **$29,200.00** | **$26,200.00** | **$26,200.00** | **$26,200.00** | **$357,800.00** |
| Room Department Income | $60,000.00 | $60,000.00 | $60,000.00 | $60,000.00 | $57,800.00 | $58,800.00 | $58,800.00 | $58,800.00 | $58,800.00 | $58,800.00 | $58,800.00 | $58,800.00 | $58,800.00 | $768,200.00 |
| Miscellaneous Income | $2,000.00 | $2,500.00 | $3,000.00 | $3,500.00 | $5,000.00 | $3,000.00 | $4,200.00 | $4,400.00 | $4,500.00 | $4,600.00 | $4,700.00 | $4,800.00 | $2,500.00 | $48,700.00 |
| **Total Departmental Income** | **$62,000.00** | **$62,500.00** | **$63,000.00** | **$63,500.00** | **$62,800.00** | **$61,800.00** | **$63,000.00** | **$63,200.00** | **$63,300.00** | **$63,400.00** | **$63,500.00** | **$63,600.00** | **$61,300.00** | **$816,900.00** |
| **Undistributed Operating Expense** | | | | | | | | | | | | | | |
| Administrative & General | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $148,000.00 |
| Information & Telecom System | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $1,500.00 | $1,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $30,500.00 |
| Property Operations & Maintenance | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $8,000.00 | $4,000.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,500.00 | $4,000.00 | $4,000.00 | $4,000.00 | $70,000.00 |
| Franchise Fees/Sales and marketing | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $147,000.00 |
| Utilities | $6,500.00 | $6,500.00 | $6,500.00 | $6,500.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $71,000.00 |
| **Total Undistributed Operating Expense** | **$38,000.00** | **$38,000.00** | **$38,000.00** | **$38,000.00** | **$37,500.00** | **$33,500.00** | **$35,000.00** | **$35,000.00** | **$35,000.00** | **$35,000.00** | **$34,500.00** | **$34,500.00** | **$34,500.00** | **$466,500.00** |
| **Gross Operating Profit** | **$24,000.00** | **$24,500.00** | **$25,000.00** | **$25,500.00** | **$25,300.00** | **$28,300.00** | **$28,000.00** | **$28,200.00** | **$28,300.00** | **$28,400.00** | **$29,000.00** | **$29,100.00** | **$26,800.00** | **$350,400.00** |
| Management Fees | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $39,000.00 |
| Insurance | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $13,000.00 |
| Professional Fees/Other Fees | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $65,000.00 |
| CAT Tax | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $1,300.00 |
| Capex/Reserve | $6,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $3,500.00 | $6,500.00 | $6,000.00 | $6,000.00 | $5,000.00 | $5,000.00 | $5,500.00 | $5,500.00 | $12,000.00 | $73,000.00 |
| Payments to RSS | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $0.00 | $108,000.00 |
| Real Estate taxes | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $13,000.00 |
| SBA EIDL | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $3,750.00 | $48,750.00 |
| Misc | $50.00 | $100.00 | $100.00 | $100.00 | $75.00 | $75.00 | $75.00 | $75.00 | $75.00 | $75.00 | $100.00 | $75.00 | $75.00 | $1,050.00 |
| **Total Other Expense** | **$28,900.00** | **$26,950.00** | **$26,950.00** | **$26,950.00** | **$26,425.00** | **$29,425.00** | **$28,925.00** | **$28,925.00** | **$27,925.00** | **$27,925.00** | **$28,450.00** | **$28,425.00** | **$25,925.00** | **$362,100.00** |
| **Net Operating Income** | **-$4,900.00** | **-$2,450.00** | **-$1,950.00** | **-$1,450.00** | **-$1,125.00** | **-$1,125.00** | **-$925.00** | **-$725.00** | **$375.00** | **$475.00** | **$550.00** | **$675.00** | **$875.00** | **-$11,700.00** |
| US Trustee Fees | $371.60 | $363.80 | $363.80 | $363.80 | $372.50 | $368.50 | $372.50 | $372.50 | $368.50 | $368.50 | $356.60 | $356.50 | $346.50 | $4,745.60 |
| **NET after US Trustee Fees** | **-$5,271.60** | **-$2,813.80** | **-$2,313.80** | **-$1,813.80** | **-$1,497.50** | **-$1,493.50** | **-$1,297.50** | **-$1,097.50** | **$6.50** | **$106.50** | **$193.40** | **$318.50** | **$528.50** | **-$16,445.60** |